UNITED STATES of America,
Plaintiff-Appellee,

v.

Noel Windle Holt ALEXANDER,
Defendant-Appellant.

No. 27300.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1970.

Rehearing Denied Feb. 12, 1970.

Certiorari Denied May 4, 1970.
See 90 S.Ct. 1534.

Sam Sparks, El Paso, Tex., for plaintiff-appellee.

Noel Windle Holt Alexander, pro se.

Seagal V. Wheatley, U. S. Atty., El Paso, Tex., Romualdo Cesar Caballero, Asst. U. S. Atty.; for defendant-appellant.

Before RIVES, GOLDBERG and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

The appellant was convicted in a jury trial of transporting a stolen automobile, 18 U.S.C. § 2312, and of wearing the uniform of the Navy without authority, 18 U.S.C. § 702.

An automobile dealer in Monahans, Texas, placed a new Pontiac on his lot in March, 1967. He reported the car stolen between June 18 and 21. Appellant

worked in a cafe in Monahans. He represented himself to people in the town as just passing through on leave from the Navy. When appellant left Monahans in June, 1967 his older model Cadillac automobile had been wrecked and was in a shop in another city being painted or repaired and was left there. Appellant was last seen in Monahans driving a new car with Texas dealer plates.

In late July, 1967 appellant was stopped for speeding in Dawson Creek, British Columbia, Canada, approximately 800 miles north of the United States-Canada border, driving a car meeting the description of the stolen Pontiac. The vehicle identification number was the same. The car bore a Texas dealer plate with the assigned number of the Monahans dealer. The ignition had been drilled to allow a different key to be used, and the trunk lock and the door lock had been tampered with. No evidence was offered at the trial to explain appellant's possession of the recently stolen vehicle.

The government proved that appellant had been discharged from the Navy. On several occasions appellant was seen in Monahans wearing a Navy uniform, and the government introduced photographs of him in uniform, taken on various occasions in or near Monahans. When arrested in Canada appellant had a Navy uniform in the car, and there was evidence that at an earlier date elsewhere in Canada he had been wearing the uniform and had represented himself to police in two Canadian cities as being in the Navy.

■ There was irrelevant and nonimpeaching evidence introduced that appellant, who married a Monahans woman while there, had left her to pay the substantial bills of the honeymoon, and that a hotel where he temporarily stayed in Canada was a place of bad reputation frequented by narcotics addicts and prostitutes, and that his discharge from the Navy had been a bad conduct discharge after court martial. None of these matters were objected to. The government offers no explanation for its bringing out the facts and circumstances of the discharge rather than simply proving the fact of discharge to show lack of authority to wear the uniform. However, in this case the plain error doctrine of Rule 52(b), Fed.R.Crim.P., does not require reversal. The evidence of guilt was overwhelming. Kotteakos v. United States, 328 U.S. 750, 764, 66 S.Ct. 1239, 90 L.Ed. 1557, 1566 (1946).[1]

■ Various instructions to the jury and comments on the evidence, while they went further than was necessary for the trial court to go, did not amount to a complete or partial instructed verdict of guilty or instruction that any contested material issue of fact was established as a matter of law. *Cf.,* Mims v. United States, 375 F.2d 135, 148 (5th Cir.1967).

■ In connection with the instructions on the charge of wearing the uniform, the trial judge made remarks not objected to, which arguably were comments on appellant's failure to testify, followed by other comments that failure to testify was not to be considered as evidence of guilt. In this case it is beyond reasonable doubt that the arguably incorrect instructions were not prejudicial. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The jury had only to look at the color photographs of appellant, in Naval uniform, taken at identified times and places in and around Monahans and in the company of local people.

Affirmed.

1. There was other irrelevant evidence that in another Canadian city, prior to the arrest in this case, appellant had boasted to a hitchhiker that he had killed a man in Texas. But this was brought out by appellant, not the government, and it was shown that the police checked this report out by interrogating appellant and then released him.